**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| **JOSE QUINTANILLA** | § | |
| **Plaintiff,** | § | |
| **v.** | § | |
| | § | **CASE NO. 7:25-cv-00072** |
| **STATE FARM LLOYDS** | § | |
| **Defendant.** | § | |
| | § | |

---

## DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL

---

NOW COMES Defendant **STATE FARM LLOYDS, ("State Farm"),** files this Notice of Removal.

### PROCEDURAL BACKGROUND

1.      This lawsuit concerns State Farm's alleged mishandling of an insurance claim for damages to a residential property on or about April 28, 2023. On January 2, 2025, Plaintiff filed this lawsuit, asserting causes of action for breach of contract, bad faith, and prompt payment violations (the "State Court Action").

2.      State Farm received service of the Original Petition on January 21, 2025.

3.      State Farm timely filed its answer on February 14, 2025.

4.      State Farm now timely files this Notice of Removal pursuant to 28 U.S.C. § 1446 to remove the State Court Action from the 370th Judicial District Court of Hidalgo County, Texas, to the United States District Court for the Southern District of Texas, McAllen Division.

### NATURE OF THE SUIT

5.      This lawsuit involves a dispute over alleged non-payment or underpayment of contract benefits, prompt payment penalties, and a claim for attorneys' fees in connection with a claim stemming from a storm occurring on April 28, 2023. *See* Plaintiff's Original Petition at V. Plaintiff

asserts causes of action against State Farm for breach of contract, bad faith, and violations of Chapters 541 and 542 of the Texas Insurance Code. *Id.* at VI. Plaintiff seeks damages including actual damages, exemplary/treble damages, statutory interest and attorney's fees. *Id.* at ¶¶ 23-25, and Prayer.

## BASIS FOR REMOVAL

6.      The Court has jurisdiction over this action under 28 U.S.C. § 1332 because there is and was complete diversity between all real parties in interest (Plaintiff and State Farm) and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### *Diversity of Citizenship*

7.      At the time the State Court Action was commenced, Plaintiff was and still is a resident and citizen of Texas. *See* Plaintiff's Original Petition at I.

8.      Defendant State Farm was at the time this action was commenced, and still is, a citizen of Illinois and Arizona. *See* Affidavit of Brant Kaufmann, Exhibit 1. State Farm is a "Lloyd's Plan" organized under Chapter 941 of the Texas Insurance Code. It consists of an unincorporated association of underwriters who were at the time this action was commenced, and still are, all citizens and residents of Illinois or Arizona, thereby making State Farm Lloyds a citizen of Illinois and Arizona for diversity purposes. See *Royal Ins. Co. of Am. v. Quinn-L Cap. Corp.*, 3 F.3d 877, 882-83 (5th Cir. 1993) (citizenship of unincorporated association determined by citizenship of members).

9.      Because Plaintiff is a citizen of Texas and State Farm is a citizen of Illinois and Arizona, there is complete diversity of citizenship. *See id.*

### *Amount in Controversy*

10.     The amount in controversy requirement "is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The "summary

judgment type evidence" must be provided "only when the plaintiff contests, or the court questions, the defendant's allegation" of federal jurisdiction. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89, 135 S. Ct. 547, 554 (2014). The removing party bears the initial burden of showing that federal jurisdiction exists. *E.g., Ramirez v. Allstate Vehicle & Prop. Ins. Co.*, 490 F. Supp. 3d 1092, 1112 (S.D. Tex. 2020). When the removing party carries its burden, the party resisting removal "may avoid removal by showing, to a legal certainty, that recovery will not exceed the jurisdictional threshold." *Id.* at 1113.

11.     Plaintiff asserts in his Original Petition that he "seeks only monetary relief of over $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorneys' fees and costs." Plaintiff's Original Petition at ¶ 4. Plaintiff seeks to recover actual damages, damages for common law bad faith, attorney's fees, treble damages and/or exemplary damages—among others.

12.     Where, as here, it is not apparent on the face of the petition whether the amount in controversy exceeds $75,000, the removing party can establish the amount in controversy requirement through factual allegations that are sufficient to demonstrate the requisite jurisdictional amount.). Courts within the Fifth Circuit "routinely consider pre-suit demand letters when evaluating amount in controversy." *Graf v. Chesapeake Energy Corp.*, No. 5:17-CV-75, 2018 WL 4334015, at *3 n.4 (S.D. Tex. 2018).

13.     Here, Plaintiff sent a pre-suit notice dated October 8, 2024, stating:

**"[T]he specific amount alleged to be owed by [you] on the claim(s) for damage to or loss of covered property":**[3]

To date, you have paid $13,818.94 in policy benefits on Claimant's claim under Policy Number 83-E2-T173-7 for damage to or loss of covered property. The specific amount alleged to be owed by you on Claimant's claim under Policy Number 83-E2-T173-7 for damage to or loss of covered property is $50,000.00 less any voluntary payments of policy benefits made by you on the claim between the date of this notice and entry of judgment, if any.[4]

14.     Therefore, Plaintiff's specific amount alleged to be owed for contract damages was $36,181.06 as of October 7, 2024.

15.     Plaintiff seeks treble damages for alleged "knowing" conduct, in his Original Petition. *See* Plaintiff's Original Petition at ¶ 22. Looking only at Plaintiff's claims for actual and treble damages, $36,181.06 times three is $108,543.18. Therefore, the amount in controversy threshold is met.

16.     Importantly, Texas courts have ruled that removal is proper unless a Plaintiff shows with legal certainty that the claim is less than the jurisdictional amount asserted in the original petition. *See, e.g., Chavez v. State Farm Lloyds*, Case No. 7:14-cv-456, 2016 WL 5372540, at *2 (S.D. Tex. Sept. 26, 2026). To show legal certainty, a Plaintiff must file a binding stipulation or affidavit with the state court limiting the damages sought. *Williams v. Companion Prop. & Cas.*, No. H-13-733, 2023 WL 2338227, at *3 (S.D. Tex. May 27, 2013). A Plaintiff seeking to stipulate damages with legal certainty cannot merely state in his original complaint that the damages will be below the jurisdictional amount and must file an affidavit or a stipulation along with the Original Petition in order to show with certainty that the claim is less than the jurisdictional amount. *See Martinez v. Kroger Tex, L.P.*, No. H-18-4804, 2019 WL 954963, at *4 (S.D. Tex. Feb 27, 2019); *see also Abascal v. United Prop. & Cas. Inc. Co.*, No. 4:18-CV-03930, 2019 WL 3229174 (S.D. Tex. July 19, 2019).

17.     Plaintiff did not file a binding stipulation or affidavit with his petition and did not attempt to limit his recovery to less than $75,000, exclusive of interest and costs.

18.     Based on the foregoing, the amount in controversy threshold is met in this case.

## REMOVAL IS PROCEDURALLY CORRECT

19.     This Notice of Removal is timely under 28 U.S.C. § 1446(b). State Farm Lloyds was served with Plaintiff's Original Petition on January 17, 2025.

20.     Venue is proper in this Division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action has been pending.

21.     In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders in the State Court Action are attached herein to the Index of Matters Filed (Exhibits 2A–2D).

22.    Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of State Farm Lloyds' Notice of Removal was promptly given to all parties and to the clerk of the 370th Judicial District Court of Hidalgo County, Texas.

23.    All documents required by Local Rule 81 to be filed with this Notice of Removal are attached herein to the Index of Matters Filed (Exhibit 2).

**PRAYER**

Defendant State Farm respectfully requests that the State Court Action be removed and placed on this Court's docket for further proceedings. State Farm also requests any additional relief to which it may be justly entitled.

Respectfully submitted,

*/s/ Elizabeth Sandoval Cantu*
Elizabeth Sandoval Cantu
Fed. ID No. 310028/State Bar No. 24013455
ecantu@ramonworthington.com
**RAMÓN WORTHINGTON**
**NICOLAS & CANTU, PLLC**
1506 South Lone Star Way, Suite 5
Edinburg, Texas 78539
Phone: (956) 294-4800
Facsimile: 956-928-9564
Electronic Service to:
efile@ramonworthington.com
*ATTORNEY IN CHARGE FOR DEFENDANT*

**Of Counsel:**
Stephen W. Bosky
Fed. ID No. 3076205/State Bar No. 24087190
sbosky@ramonworthington.com
Rebecca "Becky" Walker
Fed ID No. 3908154/State Bar No. 24106927
bwalker@ramonworthington.com
**RAMÓN WORTHINGTON**
**NICOLAS & CANTU, PLLC**
1506 South Lone Star Way, Suite 5
Edinburg, Texas 78539
(956) 294-4800
(956) 928-9564 – Fax

**Electronic Service to:**
**efile@ramonworthington.com**


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 19, 2025 a true and correct copy of the foregoing document was served to the following via certified mail, return receipt requested:

Maria Gerguis
mgerguis@dalyblack.com
Richard D. Daly
rdaly@dalyblack.com
ecfs@dalyblack.com
**DALY & BLACK, P.C.**
2211 Norfolk St., Ste. 800
Houston, Texas 77098
Tel: (713) 655-1405
Fax: (713) 655-1587
**ATTORNEY FOR PLAINTIFF**

*/s/ Elizabeth Sandoval Cantu*
Elizabeth Sandoval Cantu